UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TUMI ENTERTAINMENT, INC.,
a Florida corporation,

        Plaintiff,

v.                                  CASE NO. 3:15-cv-559-J-32MCR

KAREN RU GAO a/k/a Chao Ru Gao,
MAN HEUNG LO a/k/a Alex Lo,
JIN MIN CHEN, and MAN HONG LO
a/k/a Jason Lo,

        Defendants.

_____

MAN HONG LO a/k/a Jason Lo and
JIN MIN CHEN,

        Third Party Plaintiffs,

v.

CHANGLONG ZENG a/k/a Benny Zeng
and CHANG DONG ZENG a/k/a Chang
Hui Zeng a/k/a Evan Zeng,

        Third Party Defendants.

_____/

**ORDER**

    **THIS CAUSE** is before the Court on Plaintiff's Motion and Memorandum to

Compel Answers to Deposition Questions ("Motion") (Doc. 20).[1]  For the reasons

_____

    [1] On April 14, 2016, the Court directed any party opposing the Motion to file a response no later than April 25, 2016.  (Doc. 21.)  To date, no response has been filed. Therefore, the Motion will be deemed unopposed.

stated herein, the Motion is due to be **GRANTED**.

### I.      Introduction

This is a copyright infringement action.  Presently, Plaintiff seeks an order compelling Defendants Karen Gao and her husband Alex Lo and Third Party Defendant Benny Zeng[2] to answer the deposition questions concerning who was paying the attorneys' fees for the defense of Karen Gao and Alex Lo, which the witnesses were instructed not to answer based on the attorney client privilege. During the depositions, Plaintiff sought to establish that the person paying, or at least obligated to pay, the attorneys' fees is Benny Zeng and possibly his brother Evan Zeng.

In support, Plaintiff states:

> The premise of the questions therefore is that Benny Zeng and his brother Evan, are still in control of Plaintiff's software and various persons who have access to it, and are paying for the defense of Defendants Karen Gao and Alex Lo to preserve their continuing grip on illegal copies of Tumi software and to control the flow of information to Plaintiff in this case.

(Doc. 20 at 5.)  Plaintiff explains:

> The instructions [not to answer] in the . . . deposition testimony go to the heart of whether there is a conspiracy between Mr. Benny Zeng, his brother Evan on the one hand, and Alex and Karen Lo on the other, all of whom are represented by the same lawyer, to suppress their involvement in the server recently produced by the other Defendants in this lawsuit, which has been forensically examined and found to embody the entire object code of the TNT

---

[2] All these parties are represented by Robert P. Butts of Warner, Sechrest & Butts, P.A.

> copyrighted work, as is shown in Attachment 1.  If Jason and Jai told
> the truth in their depositions, Mr. Zeng is the one responsible for this
> server and the server was deliberately hidden to avoid its detection,
> even in the face of the permanent injunction issued against Mr. Zeng
> in the Ocala case.  While this fact would not spare Jason and Jai
> from their own liability for copyright infringement, it certainly is a large
> factor in understanding the extent of Mr. Benny Zeng's and his
> brother's liability in this case.  Under these circumstances, Mr. Zeng,
> keenly aware of his exposure under the Ocala permanent injunction
> issued by Judge Hodges, has every motivation to conceal and
> fabricate the facts, and having the same attorney certainly facilitates
> Mr. Zeng's control over Karen and Alex Lo.  Again this argument is in
> no way an effort to disparage Mr. Butts, but only to point out the
> obvious fact that if Mr. Zeng is paying the bills for the defense, Benny
> Zeng is in a good position to control and influence the testimony by
> his colleagues and Co-Defendants.

(*Id.* at 10-11.)

Plaintiff contends that "[t]here is no attorney-client privilege associated with the identity of the person paying the fees for the common defense of these witnesses, whether it is Mr. Benny Zeng, Evan Zeng, or some entity or a third party confederating with them." (*Id.* at 11.)  Plaintiff points out that "no communications between an attorney and his or her client made for purpose of securing or receiving legal advice, have been sought in any of the [deposition] questions." (*Id.* at 12.)  Citing to *In re Grand Jury Proceedings in the Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir. 1983), Plaintiff states that it has long been established in the Eleventh Circuit that "information 'regarding a fee arrangement and the identity of the person paying the fee falls outside the protection of the attorney-client privilege.'" (Doc. 20 at 12.)  Further, "[t]he party

invoking the privilege has the burden of establishing the existence of the attorney-client relationship and the confidential nature of the communication." *In re Grand Jury Proceedings*, 708 F.2d at 1575.

## II.   Standard

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  *See id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed.R.Civ.P. 26(b)(1).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts.  *See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

When the Court is called upon to analyze questions of privilege in a federal question case, such as this one, the Court must analyze them under federal

common law.  *See, e.g.*, *Universal City Dev. Partners, Ltd. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005) ("In federal question cases, privileges are determined under federal common law."); *see also Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) ("Courts that have confronted this issue in the context of the discoverability of evidence have uniformly held that federal law of privilege governs even where the evidence sought might be relevant to a pendent state claim.")  "The party asserting the privilege has the burden of proving the existence of the privilege."  *Id.* (citing *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)).

To satisfy this burden, the party asserting the privilege must make an "evidentiary showing based on competent evidence," rather than "mere conclusory or *ipse dixit* assertions."  *CSX Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, at *1 (M.D. Fla. July 20, 1995) (internal quotations and citations omitted).  The party asserting the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by an affidavit.  *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977).  "Unless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the claim of privilege.  An improperly asserted claim of privilege is no claim of privilege at all."  *Int'l Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974).

To invoke the attorney-client privilege, a party must prove that "an attorney-client relationship existed and that the particular communications were confidential." *Schaltenbrand*, 930 F.2d at 1562. "In order to show that communications made to an attorney are within the privilege, it must be shown that 'the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance." *Id.*

## III.   Discussion

By failing to respond to the present Motion, Karen Gao, Alex Lo, and Benny Zeng have not even attempted to show the applicability of the attorney-client privilege to the information sought by Plaintiff.  Further, Plaintiff correctly points out that "information regarding a fee arrangement and the identity of the person paying the fee falls outside the protection of the attorney-client privilege." *In re Grand Jury Proceedings*, 708 F.2d at 1575.  Therefore, Karen Gao, Alex Lo, and Benny Zeng will be directed to answer the deposition questions at issue.

Because the Motion is due to be granted, the Court must consider the issue of expenses pursuant to Fed.R.Civ.P. 37.[3]  Rule 37 provides in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested
> discovery is provided after the motion was filed—the court must,

---

[3] Plaintiff has requested attorneys' fees and costs against Mr. Zeng incurred in filing this Motion under Rule 37(a)(5) of the Federal Rules of Civil Procedure.

after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In light of the circumstances surrounding the Motion, an award of expenses to Plaintiff is likely appropriate.  However, in accordance with Rule 37(a)(5)(A), Defendants and Third Party Defendant will have "an opportunity to be heard" on this issue.

Accordingly, it is **ORDERED**:

1.     The Motion (**Doc. 20**) is **GRANTED**.  Within **ten (10) days** of the date of this Order, Defendants Karen Gao and Alex Lo and Third Party Defendant Benny Zeng shall answer the deposition questions that they were instructed not to answer based on the attorney-client privilege.

2.     **On or before May 11, 2016**, Defendants Karen Gao and Alex Lo and Third Party Defendant Benny Zeng shall **SHOW CAUSE** in writing why they and/or their counsel should not be ordered to pay Plaintiff's reasonable expenses, including attorney's fees, incurred in bringing this Motion.

**DONE AND ORDERED** at Jacksonville, Florida, on April 27, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

8