**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TUMI ENTERTAINMENT, INC., a
Florida Corporation,

    Plaintiff,

v.                                           Case No. 3:15-cv-559-J-32MCR

KAREN RU GAO, MAN HEUNG LO,
JIN MIN CHEN, and MAN HONG LO,

    Defendants/Third Party
        Plaintiffs

CHANGLONG ZENG and CHANG
DONG ZENG
    Third Party Defendants

## FINAL JUDGMENT AND PERMANENT INJUNCTION

This case is before the Court on the Corrected Joint Motion for Entry of Consent Final Judgment and Permanent Injunction Against Defendants Karen Ru Gao a/k/a Chao Ru Gao and Man Heung Lo a/k/a Alex Lo only, which motion has been made pursuant to a settlement agreement. (Doc. 48). After review of the joint motion, and determining that there is no just reason for delay and that a judgment should be entered pursuant to Rule 54(b), Fed. R. Civ. P., in advance of the resolution of the remaining claims of Plaintiff as to other parties,

It is **ORDERED AND ADJUDGED** that:

1. The Corrected Joint Motion for Entry of Consent Final Judgment and Permanent Injunction Against Defendants Karen Ru Gao a/k/a Chao Ru Gao and Man Heung Lo a/k/a Alex Lo (Doc. 48) is **GRANTED**.

2. The Joint Motion for Entry of Consent Final Judgment and Permanent Injunction Against Defendants Karen Ru Gao a/k/a Chao Ru Gao and Man Heung Lo a/k/a Alex Lo (Doc. 46) is **MOOT**.

3. Defendants Karen Ru Gao a/k/a Chao Ru Gao ("Karen") and Man Heung Lo a/k/a Alex Lo ("Alex"), together with their agents, employees, successors, assigns, corporations or other legal entities under their control and all those persons in active concert or participation with them having notice of this Judgment are permanently enjoined and restrained from (a) infringing United States Copyright TX 7-926-781 or copying any software protected by said copyright or derived from the copyrighted work or reproducing, distributing, modifying, selling, licensing, using, possessing, exporting, importing, or otherwise violating the exclusive rights of Plaintiffs in said copyrighted work, and from (b) copying, modifying, selling, licensing, using, distributing, exporting, importing, or otherwise exploiting, directly or indirectly, the TNT software or any software derived from it and described as follows:

> A suite of sweepstakes games and related functionality required to make the game available to users and track their usage of the games, including a plurality of games that use a video spinning reel to reveal prizes, a plurality of poker-style games, and at least one keno-style game; said software also including a built-in community prize feature, such as a "bomb bonus," in which players who choose to participate in the community prize feature win a prize which is displayed on their computer terminal when any participant in the community wins.

2

4. Defendants Karen Ru Gao a/k/a Chao Ru Gao ("Karen") and Man Heung Lo a/k/a Alex Lo ("Alex") together with their agents, current managing employees, assigns, corporations, or other legal entities under their control and all those persons in active concert or participation therewith having notice of this Judgment are responsible for good faith compliance with the injunction set forth in paragraph three and shall make all reasonable efforts to ensure compliance with this preliminary injunction by any customers or partners or associates of them.

5. Immediately after this Judgment, if not previously provided, the aforesaid Defendants Karen Ru Gao a/k/a Chao Ru Gao ("Karen") and Man Heung Lo a/k/a Alex Lo ("Alex"), shall deliver into the possession of Plaintiffs' counsel any and all computer servers in their care, custody, possession, or control which embody any copy of the copyrighted work or any of Plaintiffs' software, and shall be under a continuing obligation to provide such cooperation and truthful testimony as may be required in the settlement agreement between the parties.

6. All claims made by Plaintiff against the aforesaid Defendants Karen Ru Gao a/k/a Chao Ru Gao ("Karen") and Man Heung Lo a/k/a Alex Lo ("Alex") are hereby deemed settled as to said Defendants, without assessment of costs against them.

**DONE AND ORDERED** in Jacksonville, Florida the 21st day of October, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj

Copies:

Counsel of record